Filed 4/26/23  In re S.B. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.B. et al., Persons Coming Under the Juvenile Court Law. | B321633 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MELODY R.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 19CCJP01011A–B |

APPEAL from an order of the Superior Court of Los Angeles County, Linda Sun, Judge. Affirmed.

Melody R., in pro. per., for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel for Plaintiff and Respondent.

## INTRODUCTION

Melody R. (mother) appeals from an order continuing her children's selection and implementation hearing. Mother argues the continuance lacked good cause and contravenes the best interests of her children. Mother also raises a litany of unrelated arguments in her reply brief. As we explain, mother forfeited any challenge to the order continuing the selection and implementation hearing by not objecting to the continuance below. In any event, the court didn't abuse its discretion in continuing the hearing. As for the arguments mother raises for the first time on reply, we do not address them because they are untimely. We therefore affirm.

## BACKGROUND

In February 2019, the Department of Children and Family Services (Department) filed a dependency petition under Welfare and Institutions Code[1] section 300, subdivisions (a) and (b), on behalf of mother's children, S.B. (born 2017) and P.B. (born 2018), alleging they were in danger of suffering physical harm based on domestic violence between mother and their father (counts a-1 and b-1) and mother's mental and emotional problems (count b-2). The Department filed the operative first amended petition in August 2019, adding allegations that the children were at substantial risk of suffering serious physical harm and sexual abuse based upon father's sexual abuse of the children's niece and their adult siblings (counts b-3, d-1, and j-1).

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

As of October 2019, the children were living with Nekeya C. (Nekeya), a foster parent with whom they have remained throughout these proceedings.

In February 2020, the court sustained the b-1, b-2, b-3, d-1, and j-1 allegations, declared S.B. and P.B. dependents of the court, and removed them from mother's and father's custody, with both parents receiving monitored visitation. The court ordered no reunification services for either parent and scheduled a selection and implementation hearing for June 2020.

We later granted mother's petition for extraordinary relief from the court's dispositional orders, concluding the court violated mother's due process rights by denying her the opportunity to cross-examine the dependency investigator and social worker at the jurisdiction and disposition hearing. The court vacated its jurisdiction findings and disposition orders.

The court held a new jurisdiction hearing in May 2021. Prior to the hearing, mother's counsel moved to be relieved and attached to her motion an email from mother threatening to sue the attorney if she continued to contact or represent mother. Mother had apparently "stopped all communication" with her attorney. The court denied the motion, explaining that counsel could not be relieved unless mother filed a motion to discharge the attorney under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden* motion). The court then sustained the b-1, b-2, b-3, d-1, and j-1 allegations, and dismissed the a-1 allegation.

In June 2021, the court held the disposition hearing, at which mother did not appear. By that time, mother wasn't communicating with her attorney or the Department, and the court noted that mother was engaging in dilatory tactics to delay the children's proceedings. The court declared S.B. and P.B.

3

dependents of the court, removed them from their parents' custody, and denied mother and father reunification services. The court scheduled a selection and implementation hearing for October 2021. Mother did not appeal the new disposition orders.

In October 2021, the court granted the Department's request to continue the proceedings to February 2022 for the Department to assess placing the children with their out-of-state relatives.

In November 2021, mother, acting in pro per, filed a "demurrer and motion to terminate court jurisdiction with prejudice" (demurrer). In late January 2022, the court held a hearing on mother's demurrer, at which mother failed to appear. The court declined to rule on mother's demurrer because mother was represented by counsel. The court noted that the children's proceedings had been substantially delayed "because of the mother's obstreperous and recalcitrant conduct."

In February 2022, the court continued the children's selection and implementation hearing to allow the Department more time to assess the children's out-of-state relatives.

In late May 2022, the Department reported that S.B. and P.B. could not be placed with their relatives, but the current caregiver, Nekeya, was committed to adopting the children. By that time, S.B. and P.B. had been living with Nekeya for over three years, and they were closely bonded to her. Accordingly, the Department was evaluating Nekeya for "adoption readiness."

On June 9, 2022, the court continued the selection and implementation hearing to August 2022. Mother did not appear, but the court substituted mother's appointed counsel for counsel mother had recently retained. The court explained that it needed to continue the selection and implementation hearing to allow the

4

Department to complete its permanency planning report. Mother's counsel did not object to the continuance. Instead, counsel asked the court to order the Department to provide mother information about a medical procedure P.B. was expected to undergo and to assess whether the children could be placed with their maternal grandmother. The court ordered the Department to notify mother "of any medical services of the children that are required" and to "provide an update [on] whether the maternal grandmother has been assessed before and reasons why or why not the children were not be placed with her."

Mother appeals from the court's June 9, 2022 order.

## DISCUSSION

### 1.  Appellate Jurisdiction

As a preliminary matter, the Department contends we lack jurisdiction to hear mother's appeal because mother did not identify in her notice of appeal the order that she challenges in her opening brief—i.e., the order continuing the selection and implementation hearing. We disagree.

While an appellate court's jurisdiction is limited in scope to the notice of appeal and the judgment or order appealed from (*In re J.F.* (2019) 39 Cal.App.5th 70, 75), we must liberally construe the notice in favor of its sufficiency. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272 (*Joshua S.*); Cal. Rules of Court,[2] rules 8.100(a)(2), 8.405(a)(3).) Thus, a notice of appeal should be construed to encompass the challenged order if " 'it is reasonably clear what [the] appellant was trying to appeal from, and where

---

[2] All undesignated rule references are to the California Rules of Court.

the respondent could not possibly have been misled or prejudiced.' " (*Joshua S.*, at p. 272.) A notice of appeal "is sufficient if it identifies the particular judgment or order being appealed [from]." (Rule 8.100(a)(2).)

Here, mother's notice of appeal states that she is appealing from the following order: "On June 9th, 2022[,] the court ordered mother to be notified of any medical services of the children that are required." In her opening brief, mother challenges the order continuing the selection and implementation hearing, which the court also issued at the June 9, 2022 hearing. Although the notice of appeal does not reference the continuance, it clearly identifies the hearing at which the continuance was issued. Moreover, the continuance and the order requiring the Department to notify mother of any required medical services for the children are reflected in the same minute order.

Under a liberal construction of the notice of appeal, it is reasonably clear that mother appeals from the orders issued at the June 9, 2022 hearing, including the order continuing the selection and implementation hearing. (See *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017 [construing notice of appeal to include disposition order, even though notice identified only the jurisdiction finding, because the jurisdiction finding and disposition order were rendered at the same hearing and included in the same minute order].) In any event, even assuming the notice of appeal is ambiguous as to the order continuing the selection and implementation hearing, the Department makes no showing that it was misled or prejudiced by the ambiguity. (*Joshua S.*, *supra*, 41 Cal.4th at p. 272.) We will therefore address the merits of mother's challenge to that order.

6

## 2. Mother hasn't shown the court erred when it continued the selection and implementation hearing.

In her opening brief, mother argues the court abused its discretion when it continued the June 9, 2022 selection and implementation hearing to allow the Department to submit a complete permanency planning report. As we explain, mother forfeited any challenge to the continuance by failing to object to that order. In any event, the court did not abuse its discretion.

Under section 352, a juvenile court may continue "any hearing … beyond the time limit within which the hearing is otherwise required to be held, provided that a continuance shall not be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage of prolonged temporary placements." (§ 352, subd. (a)(1).) A continuance "shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance." (§ 352, subd. (a)(2).) We review an order granting a continuance for abuse of discretion. (*In re F.A.* (2015) 241 Cal.App.4th 107, 117.)

As we noted above, mother did not object to the court's order continuing the selection and implementation hearing to August 2022. In fact, mother's counsel asked the court to, as part of its order continuing the selection and implementation hearing, require the Department to assess the children's maternal grandmother for possible placement. Mother, therefore, cannot complain on appeal that the court erred in continuing the selection and implementation hearing. (*In re S.B.* (2004) 32

7

Cal.4th 1287 [generally, a reviewing court will not consider a challenge to a ruling if an objection could have been but was not raised below]; see also *In re Richard H.* (1991) 234 Cal.App.3d 1351, 1362 ["Since appellant acquiesced in the multiple continuations, he cannot complain about any 'foot dragging' as a ground to reverse the court's decision."].)

In any event, the court did not abuse its discretion when it continued the selection and implementation hearing. As for good cause, the court explained that it had yet to receive a full permanency planning report for the children. Indeed, shortly before the June 9, 2022 hearing, the Department learned that the children could not be placed with their out-state-relatives. Thus, the Department needed to complete an adoption assessment for the children's caregiver, Nekeya, before the court could select a permanent plan for the children. The court, therefore, had good cause to continue the selection and implementation hearing. (See § 352, subd. (a)(2) [court must give substantial weight to children's need for stable home environments].)

Likewise, continuing the selection and implementation hearing did not contravene the children's best interests. By the June 9, 2022 hearing, the children had lived with Nekeya for nearly the entirety of their dependency proceedings—or more than three years. Nekeya was committed to adopting the children, and the Department was finishing its assessment of her as a prospective adoptive parent. Since S.B. and P.B. were closely bonded to Nekeya, continuing the selection and implementation hearing to allow the Department to assess whether the children could permanently reside with her was in the children's best interests. Indeed, the children's counsel didn't object to the

8

continuance, and the children do not challenge the continuance on appeal.

Finally, mother fails to explain how she was prejudiced by the order continuing the selection and implementation hearing. (See Cal. Const., art. VI, § 13 [an appellate court will not reverse a lower court's ruling without a showing that the ruling resulted in a miscarriage of justice]; *In re K.H.* (2022) 84 Cal.App.5th 566, 606 [" '[T]o be entitled to relief on appeal from an alleged abuse of discretion, it must clearly appear the resulting injury is sufficiently grave to manifest a miscarriage of justice' "].)

For all these reasons, we reject mother's claim that the court abused its discretion when it continued the selection and implementation hearing to August 2022.

## 3. Mother has forfeited the issues raised for the first time in her reply brief.

In her reply brief, mother raises several new arguments. Specifically, mother argues: (1) the Department violated her First, Second, Fourth, and Fifth Amendment rights; (2) she was denied the opportunity to cross-examine witnesses at an unspecified hearing; (3) the Department engaged in abusive discovery tactics; (4) the Department filed false reports; (5) the court improperly shifted the burden of proof at the jurisdiction hearing; (6) insufficient evidence supports the court's removal orders; and (7) mother is bonded to the children, and the children are not adoptable.

We decline to address these arguments because they were not raised in mother's opening brief. (*In re Karla C.* (2010) 186 Cal.App.4th 1236, 1269–1270; see also *REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500 ["This court will not consider points raised for the first time in a reply

9

brief for the obvious reason that opposing counsel has not been given the opportunity to address those points"].) Further, to the extent mother challenges the court's jurisdiction findings or disposition orders, those issues are not properly before us because mother never appealed the court's June 2021 disposition orders, which were appealable. (*In re B.P.* (2020) 49 Cal.App.5th 886, 889 ["the dispositional order on a section 300 petition is [an] appealable judgment"].) Since those orders are now final, they are no longer subject to appellate review. (*In re A.A.* (2008) 167 Cal.App.4th 1292, 1318 [appeal from most recent dependency order may not challenge prior orders for which statutory time for filing appeal has passed]; rule 8.406(a)(1) [a notice of appeal in a dependency proceeding must be filed within 60 days after the rendition of the judgment or the making of the order being appealed].)

## DISPOSITION

The juvenile court's June 9, 2022 order continuing the selection and implementation hearing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                                    LAVIN, J.

WE CONCUR:


EDMON, P. J.


BENKE, J.*

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11